IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY HUTCHESON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0395-WS-B |
| ) | |
| CAREPLUS CVS PHARMACY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Stay (doc. 27), in which plaintiff's counsel requests a stay of these proceedings for a "reasonable time."

As grounds for this request, plaintiff's counsel points to the following considerations: (i) plaintiff, Ruby Hutcheson, passed away on August 20, 2011; (ii) plaintiff's counsel is presently making arrangements for Hutcheson's daughter, Crystal Dykes, to be appointed as Executrix of plaintiff's estate and, subsequently, substituted as the named plaintiff herein pursuant to Rule 25(a)(1), Fed.R.Civ.P.; (iii) plaintiff's counsel anticipates filing an amended complaint that not only identifies Dykes as the substitute plaintiff, but also clarifies and elaborates on existing factual allegations and legal claims asserted against all defendants; (iv) plaintiff's counsel believes that the parties' planning meeting (presently slated to occur no later than September 19, 2011) would be more constructive for all if it occurred after the substitution and the filing of the amended complaint; and (v) there is at least some interest among the parties in conducting early mediation.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."); *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a

pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).[1]

Myriad equitable and practical circumstances favor entry of a temporary stay of these proceedings. The plaintiff died barely a week ago. Aside from the human element of mourning and grief on the part of her survivors, this development sets in motion a host of legal and logistical action items. Appropriate probate proceedings must occur, a motion to substitute must be filed, and the pleadings must be amended to reflect not only the new plaintiff but also the likelihood of modified legal theories attendant to plaintiff's demise. Plaintiff's counsel's request for a temporary stay to accomplish these objectives appears eminently reasonable and appropriate, irrespective of whether the stay is accompanied by serious exploration of global or *pro tanto* settlement possibilities at this time (which the undersigned strongly encourages the parties to consider, in any event). No party would be prejudiced or tactically disadvantaged by entry of a stay under these circumstances.

---

[1] *See also Teleconference Systems v. Proctor & Gamble Pharmaceuticals, Inc.*, 676 F. Supp.2d 321, 326 (D. Del. 2009); *Ortega v. J.B. Hunt Transport, Inc.*, 258 F.R.D. 361 (C.D. Cal. 2009); *Tomco Equipment Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp.2d 1303, 1307 (N.D. Ga. 2008).

That said, defendant Eli Lilly and Company ("Lilly") has filed a Response (doc. 28) opposing entry of a stay. The gravamen of Lilly's response is that its Motion to Dismiss (doc. 4), which is predicated on *Twombly* / *Iqbal* sufficiency of pleading considerations, has been fully briefed and should be decided now. But Lilly identifies no unfair prejudice that it would suffer if a temporary stay of the sort requested by plaintiff were granted. Moreover, the remedy for a *Twombly* / *Iqbal* problem is often not dismissal of the complaint with prejudice (as Lilly has requested), but rather entry of an order allowing the plaintiff an opportunity to re-plead the complaint with sufficient specificity to correct the defects and satisfy the *Twombly* / *Iqbal* test.[2] Plaintiff may well use the occasion of her amended complaint to shore up her allegations against Lilly in reaction to the specific arguments presented in briefing the Motion to Dismiss. There is nothing improper or unfair about that. If amendment is allowed and Lilly remains convinced that the amended pleading fails to satisfy the *Twombly* / *Iqbal* plausibility standard, or suffers from some other defect warranting dismissal under Rule 12(b), then Lilly can renew its Motion to Dismiss at that time, even incorporating by reference its prior arguments as appropriate to minimize expense and re-briefing efforts. In short, Lilly's objection (namely, that a stay would delay resolution of its pending Rule 12(b) Motion) does not constitute unfair prejudice or extenuating circumstances that might undermine or override the persuasive equitable reasons identified by plaintiff for requesting a stay.

For all of the foregoing reasons, the Motion to Stay (doc. 27) is **granted**. This action is hereby **stayed** in its entirety for a period of **45 days**, through and including **October 13, 2011**, at which time the stay will be lifted without further order of the Court. Plaintiff's Rule 25(a)(1) motion for substitution of parties and her Rule 15(a) motion to amend the complaint must be filed on or before **October 13, 2011**. If the amendment is allowed, defendant Lilly will be afforded a reasonable opportunity to renew its Rule 12(b) Motion so as to align its arguments to the contents of that amended pleading rather than its superseded predecessor.

---

[2] *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (citation omitted); *Harris v. Hancock Bank*, 2011 WL 1435500, *3 n.5 (S.D. Ala. Apr. 14, 2011) (where "a more carefully drafted complaint might state viable claims … the interests of fairness and equity militate in favor of dismissing these claims without prejudice to plaintiffs' ability to file a timely motion to amend their pleading to correct these defects").

In light of the 45-day stay, the Preliminary Scheduling Order (doc. 9) is **amended** to provide that the parties must meet and file their Rule 26(f) report not later than **October 27, 2011**.

DONE and ORDERED this 29th day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE