IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL DYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0395-WS-B |
| | ) |
| CAREPLUS CVS PHARMACY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Unopposed Motion for Appointment of Guardians Ad Litem, Pro Ami Hearing and Settlement Approval (doc. 55), which was filed under seal. The Motion indicates that plaintiff, Crystal Dykes, in her capacity as Executrix of the Estate of Ruby Hutcheson, and defendants ProCare, LLC; Eli Lilly & Company; Triad Group, Inc.; and H&P Industries, Inc. have agreed to settle all remaining claims in this wrongful death action. On that basis, Dykes requests appointment of guardians ad litem for certain minor distributees of the settlement proceeds and an evidentiary hearing at which the Court can evaluate whether the proposed settlement is in the minor distributees' best interest. Defendants do not oppose the requested relief.

As an initial matter, plaintiff is correct that under Alabama law, damages recovered in a wrongful death action "are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions." Ala. Code § 6-5-410(c). Plaintiff represents that three of the four distributees of the contemplated wrongful death settlement proceeds in this case are minors, including T.M.H., the decedent's legally adopted son; K.N.H., the decedent's granddaughter; and N.J.H., the decedent's grandson.[1] Apparently, the only distributees of the wrongful death damages in this case are Dykes and the three minors.

---

[1] Plaintiff, Crystal Dykes, is the decedent's daughter and the executrix of her estate. The three listed minors, however, are not named plaintiffs in this action, and have not otherwise appeared. To protect the minors' identities without entering this Order under seal, the Court will refer to them herein only by their initials; however, their full names, dates of birth and the like are set forth in plaintiff's Motion, which was filed under seal for that reason.

It is well established under Alabama law that settlement of a minor's claim implicates special procedures to verify that any such settlement is in the minor's best interests. *See Large v. Hayes by and through Nesbitt*, 534 So.2d 1101, 1105 (Ala. 1988) ("Before such a settlement can be approved, there must be a hearing, with an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor."). Simply put, "[u]nder Alabama law, a hearing to determine the fairness of a settlement must be held in order for that settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001).[2] Because this Court is sitting in diversity, it applies state substantive law pursuant to the *Erie* doctrine. The fairness hearing requirement is plainly substantive. *See Burke*, 252 F.3d at 1266 ("we hold that Alabama law requiring a fairness hearing in order to bind a minor to a settlement agreement is a matter of state substantive law"). For that reason, the Court will grant plaintiff's request that it hold a hearing to evaluate the fairness of the proposed settlement for the minors.[3]

---

[2] *See also Abernathy v. Colbert County Hospital Bd.*, 388 So.2d 1207, 1209 (Ala. 1980) (defining "requirements of a hearing for a valid pro-ami consent judgment" as requiring "a more extensive examination of the facts to determine whether the settlement is in the best interest of the [minor]"); *J.T. ex rel. Thode v. Monster Mountain, LLC*, 754 F. Supp.2d 1323, 1326 (M.D. Ala. 2010) (under Alabama law, "a parent or guardian cannot bind a minor to a settlement that releases the minor's post-injury claims without express court approval").

[3] It appears that Alabama courts have not definitely decided whether court approval is necessary to settle a wrongful death case in which a minor is a distributee of settlement proceeds. One commentator/practitioner has opined that "Approval is probably not required, though the parties may wish to have the settlement approved out of an abundance of caution." William E. Shreve, "Settling the Claims of a Minor," 72 *Alabama Lawyer* 309, 315 (July 2011). On the one hand, Alabama's wrongful death statute "creates a single cause of action … and the personal representative is authorized to sue as an agent of legislative appointment …. [T]here being but a single cause of action, one recovery and satisfaction is a bar to further prosecution of any other suit on that cause of action." *Bell v. Riley Bus Lines*, 57 So.2d 612, 615 (Ala. 1952). Because the right to bring a wrongful death claim is vested in the personal representative, not the distributees, it stands to reason that distributees have no right to reject a settlement, such that court approval of such a settlement from the standpoint of minor distributees should be unnecessary. On the other hand, Alabama courts have found that distributees have a right to settle wrongful-death claims themselves and that the personal representative bringing such a claim is only a nominal or formal party acting for the benefit of the distributees. *See Ex parte Blansit*, 380 So.2d 859, 861 (Ala. 1980) ("While § 6-5-410 of the Alabama Code requires a 'personal representative' of the decedent to commence a wrongful death action, the real parties in interest, and the intended beneficiaries under the statute, are the heirs of the decedent (Continued)

At that hearing, the minors will require representation of counsel.  "It is well established that the appointment of a guardian ad litem is a procedural question governed by Rule 17(c) of the Federal Rules of Civil Procedure."  *Burke*, 252 F.3d at 1264 (citation and internal marks omitted).  That rule, in turn, provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor … who is unrepresented in an action."  Rule 17(c), Fed.R.Civ.P.[4]  Under the circumstances, the Court agrees with plaintiff that appointment of guardians ad litem is warranted.

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Unopposed Motion for Appointment of Guardians Ad Litem, Pro Ami Hearing and Settlement Approval (doc. 55) is **granted**;

2. Because they are already familiar with the minors and the administration of the estate of Ruby Hutcheson, attorney Kimberly Lindsey Pettis of Brewton, Alabama is **appointed** to serve as guardian ad litem for minor T.M.H., and attorney James

---

determined by the statute of distribution.") (citation omitted); *Bell v. Nelson*, 154 So. 606, 607 (Ala.App. 1933) (distributee who is *sui juris* may compromise and settle his or her own claim to wrongful death damages).  Without addressing the issue in detail, at least one federal district court in Alabama has declared that judicial "approval is necessary" for settlement of a wrongful death action in which minors "will receive a portion of the settlement."  *Roby v. Benton Exp., Inc.*, 2006 WL 1375949, *1 (M.D. Ala. May 19, 2006).  Rather than endeavoring to resolve the apparently murky and unsettled question under Alabama law of whether a fairness hearing is mandatory in these circumstances, the Court will conduct one in its discretion because (i) the parties have requested it and (ii) such a hearing is, at a minimum, appropriate as a precautionary measure to ensure the integrity and validity of the settlement.

[4]   Appointment of a guardian ad litem is not mandatory under Rule 17(c) in all cases involving minors.  *See McLean v. GMAC Mortgage Corp.*, 2010 WL 3784527, *2 (11th Cir. Sept. 30, 2010) ("Rule 17(c) does not make the appointment of a guardian ad litem mandatory.  If the court feels that the [person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed.") (citation omitted).  In this case, however, the Court finds that the interests of T.M.H., K.N.H. and N.J.H. do not appear to be adequately represented and protected by existing parties.  There is no parent or next friend representing the minors' interests in this case, and it is not obvious that Dykes could or would represent their interests adequately, even though she is also a distributee of the settlement proceeds.

>     Eric Coale of Brewton, Alabama is **appointed** to serve as guardian ad litem for minors K.N.H. and N.J.H. in this matter;[5]

3. The Clerk's Office is **directed** to notify attorneys Pettis and Coale of their appointment by serving them notice of this Order either electronically or via U.S. mail sent to the addresses in the Certificate of Service appended to the Motion; and

4. This matter is set for a pro ami fairness hearing before the undersigned on **April 20, 2012** at **10:00 a.m.** in **Courtroom 2A**, **United States Courthouse, Mobile, Alabama**. At that hearing, the parties should be prepared to present whatever evidence they deem appropriate to demonstrate whether the settlement of this matter is in the minor distributees' best interest. Prior to the hearing, plaintiff's counsel should submit a proposed order, a copy of the relevant contingency fee contract, an expense ledger, and a proposed settlement statement, as set forth in the Motion.

DONE and ORDERED this 20th day of March, 2012.

> s/ WILLIAM H. STEELE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[5] To the extent that they have not already done so, Pettis and Coale must apply to become members of the bar of this District Court pursuant to Local Rule 83.5, and take the necessary steps to register for electronic filing in this District Court's CM/ECF system pursuant to the Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means in this District Court.